*1283 OPINION.
Littleton :
Petitioner bases its claim for exemption from taxation upon section 231 (7), Revenue Act of 1921, which is as follows:
Business leagues, chambers of commerce, or boards of trade not organized for profit and no part of the net earnings of which inures to the benefit of any private stockholder or member.
The petitioner performed no public functions whatever and its facilities were not available to the public, but were strictly private and confined to the seven members and their customers. It was operated solely for the benefit of the individuals composing its membership. It was not in any sense conducted for the common interest of the community, of a number of persons, or for the good or in the interest of the trade. It is plain that it was organized and operated as an adjunct and in the interest of the unit holders’ private business. Instead of each member operating his own cold storage plant, or using public storage, seven persons or firms combined in order to save expense. This is permissible, but in our opinion does not constitute a business league, even though it was not organized for profit.
In Waynesboro Manufacturers Association, 1 B. T. A. 911, it was agreed that the petitioner was a business league. It was an unincorporated association organized for the purpose of encouraging cordial relations between employer and employees and to prevent strikes and lockouts. This was held a business league exempt from taxation, as it was for the common general interest of its members, the community and certain industries.
In Northwestern Jobbers Credit Bureau, 14 B. T. A. 362, the taxpayer was organized for the conduct, management, preservation, care and disposition of the business, property and assets of persons, firms, and corporations, insolvent or bankrupt. In the disposition of this case the Board did not determine the question of whether petitioner was a business league or not, but stated that even if it be conceded to be such, it was not exempt because the members derived a profit from its operations.
In Uniform Printing & Supply Co., 9 B. T. A. 251, a number of fire insurance companies combined and formed the petitioner corporation for the purpose of printing uniform standard policies, applications, and other forms used in the business. The idea was to charge the members cost only. It was a mere convenience and adjunct to the members’ businesses. The Board held that it was not a business league, and that it was not required to operate at cost. We said in part:
*1284 Three types of organizations are mentioned in paragraph (7) — business leagues, chambers of commerce, and boards of trade. Ordinarily chambers of commerce and boards of trade are organized to promote the common welfare of a substantial group of individuals, partnerships, and/or corporations all engaged- in business in the same community. The profit advantage derived by the member does not come by way of dividends or other distribution of earnings of the corporation but comes rather from the increased earnings of the business of which the member is the owner. Not uncommonly do the activities of the board of trade or chamber of commerce result in a general good participated in by members and nonmembers alike. It seems to us that a business league, to be entitled to the exemption, should be engaged in and limited to activities similar to those of the ordinary chamber of commerce or board of trade, and that those activities should be of a kind not ordinarily engaged in for profit.
This case was affirmed by the Circuit Court of Appeals, Seventh Circuit, April 10, 1929.
In A-1 Cleaners & Dyers Co., 14 B. T. A. 1814, the petitioner operated a cleaning and dyeing establishment to do work for members at cost. Work was also done for outsiders. It was held not entitled to exemption from taxation upon two grounds — (1) because not a business league, and (2) because profit could be made from outside work.
In Kansas City Hay Dealers’ Assn. v. Crooks, 28 Fed. (2d) 909, the taxpayer was organized “ to maintain a hay association; to promote uniformity in the customs and usages of merchants; to inculcate principles of justice and equity in the business and to facilitate the speedy adjustment of business disputes; to inspire confidence in the business league, and (2) because profit could bo made from outside disseminate valuable commercial and economical information and generally to secure to its members the benefits of cooperation in the furtherance of their legitimate pursuits and to promote the welfare of Kansas City.” This was held a business league and exempt from taxation.
It is difficult to define “ business league ” to meet all cases, but in the cases referred to the Waynesboro Manufacturing Association and the Kansas City Flay Dealers’ Association are fair samples of business leagues, and the Uniform Printing & Supply Co. case and A-1 Gleaners & Dyers Co. case are equally fair examples of what is not a business league. The instant case is similar to the latter two and is not a business league.
In addition it may be suggested that under section 653 z c, Civil Code of California, it is expressly provided that •“ it may, however, conduct its business for the profit of its members,” and under article XIII of the by-laws petitioner is authorized to accumulate a surplus fund of $20,000. These powers are not compatible with a nonprofit making organization.
*1285 It does not follow, however, that the surplus overassessment of $1,127.51 for 1922 was taxable as net income. The evidence is clear that petitioner was not conducted for profit during 1922 and it was admitted by counsel for respondent at the hearing that this surplus was not taxable as net income. It was really an indebtedness or refund due the members and was a liability and not taxable. Anamosa Farmers Creamery Co., 13 B. T. A. 907; Home Builders Shipping Association, 8 B. T. A. 903. It results there was no deficiency.

Judgment of no deficiency will "be entered.